UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANK SCHIPANI and OLGA SCHIPANI,

                          Plaintiffs,

        -against-

WILLIAM S. McLEOD, D.P. GALLIMORE
& SONS, and BRIAN J. RUZALSKI,

                          Defendants.
-------------------------------------------------------------X

MEMORANDUM
& ORDER
00-CV-4343 (SMG)

GOLD, S., *United States Magistrate Judge*:

      On December 1, 2006, I entered judgment for plaintiffs in the amount of $17,000. I originally calculated the damages for Frank Schipani as $115,000 and Olga Schipani as $55,000 but subtracted a total of $153,000, the settling defendant's share of liability, resulting in an award to Frank of $11,500 and to Olga of $5,500. Plaintiffs appealed and the Second Circuit vacated the judgment and remanded the case for entry of judgment consistent with its opinion, *Schipani v. McLeod*, 541 F.3d 158 (2008). The Second Circuit limited the set-off for the settlement to $35,000, the amount the settling defendant paid, while leaving intact my conclusion that the total for the Schipanis' pain and suffering is $170,000.

      In accordance with the Second Circuit's opinion and remand, the Clerk of the Court is directed to enter judgment against defendant Gallimore in the following amounts: for Frank Schipani $91,200, and for Olga Schipani $43,800, for their past and future pain and suffering.[1] In addition, plaintiffs are awarded prejudgment interest at the rate of 9% per annum, *see* N.Y.

---

[1] Frank's percentage of the original award is 68%; 68% of the $35,000 settlement set-off yields $23,800. Thus, Frank's award is $115,000 minus $23,800, which equals $91,200. Likewise, Olga's percentage of the award is 32%; 32% of $35,000 yields $11,200. Accordingly, Olga's award is $55,000 minus $11,200, which equals $43,800.

C.P.L.R. 5004, from April 22, 2004 through the date of entry of judgment upon this remand. Furthermore, post-judgment interest shall accrue from the date of entry of judgment, as mandated by 28 U.S.C. § 1961(a). Judgment shall also be entered against Gallimore in the amount of $1,173.20 for plaintiffs' appellate costs.

Finally, the Second Circuit remanded for clarification on whether my prior damages award included loss of services (loss of consortium) damages. It did not, and I explain why below.

"The concept of consortium includes not only loss of support or services, it also embraces such elements as love, companionship, affection, society, sexual relations, solace and more." *Millington v. Se. Elevator Co.*, 22 N.Y.2d 498, 502, 239 N.E.2d 897, 899, 293 N.Y.S.2d 305, 308 (1968). "[C]onsortium . . . represents the interest of the injured party's spouse in the continuance of a healthy and happy marital life and . . . the cause of action seeks to compensate for the injury to that relationship . . . ." *Id.* at 504-505, 239 N.E.2d at 900, 293 N.Y.S.2d at 309-10. In determining an award for loss of services, a factfinder should consider

> the nature and extent of the (husband's, wife's) services and society before the injury . . .; the services (he, she) rendered in superintending the household, training the children . . .; (his, her) acts of affection, love and sexual intercourse and the extent to which the injuries (he, she) sustained prevented (him, her) from performing such services and providing such society.

N.Y. Pattern Jury Instr.–Civil 2:315. As suggested by the Pattern Jury Instructions, a spouse seeking an award for loss of services must present evidence of the marital relationship prior to the accident and evidence of how the relationship changed because of the injury sustained as a result of the accident. *See also Christman v. Bailey*, 327 N.Y.S.2d 966, 967 (N.Y. App. Div. 3d Dep't 1972).

2

My award did not include any compensation for loss of services because plaintiffs requested damages for loss of services only in a conclusory fashion and failed to submit any evidence supporting their claims. Indeed, plaintiffs' damages submissions include only two passing and conclusory references to loss of services. *See* Herzog Aff. dated May 7, 2004, Docket Entry 112, ¶ 3 ("This is an action for serious personal injuries and loss of services. . . ."), *id.* ¶ 17 (calculating the damages awards "for past and future pain and suffering as well as for their reciprocal loss of services"). *See also* Compl. ¶¶ 107-13 (plaintiffs' allegations of loss of services). There was simply no evidence presented with respect to the marital relationship prior to the accident and no evidence of any diminished ability to participate in marital or household activities after the accident. Plaintiffs did not, for example, submit their own affidavits, which might have included facts that would support an award for loss of services.[2] I also note that the cases cited in the Herzog Aff. ¶ 14 refer only to pain and suffering awards and make no mention of awards for loss of services. Finally, plaintiffs' deposition testimony, submitted by defendant Gallimore, does not contain any evidence of loss of services by the Schipanis. *See* Cordrey Aff. dated May 24, 2004, Ex. D, Frank Schipani Dep. Tr. 75-76 (testimony that the activities that he no longer pursues as a result of the accident are running and sometimes throwing a football with his son or walking long distances); *id.*, Ex. E, Olga Schipani Dep. Tr. 50-53 (when asked how her activities have been limited since the accident, Olga testifies that she no longer runs with her

---

[2] The only affidavits submitted were from plaintiffs' counsel. Herzog Aff. dated May 7, 2004, Docket Entry 112; Herzog Reply Aff. dated May 28, 2004, Docket Entry 92. Moreover, the parties agreed to have the issue decided on the papers and declined the opportunity to present live testimony on this issue. *See* Minute Entry of May 11, 2005; Order dated May 4, 2006, Docket Entry 107. During a telephone conference I held on November 6, 2008, plaintiffs' counsel confirmed that any evidence of loss of services would be found in the Herzog and Cordrey Affidavits and the exhibits thereto.

3

son, does aerobics, or lifts groceries). For all these reasons, my award did not include any damages for loss of services. *See Martell v. Boardwalk Enters., Inc.*, 748 F.2d 740, 754 (2d Cir. 1984) ("All claimed pecuniary losses, including loss of services, must be proved in order to sustain an award for such loss."); *Silverstein v. Harmonie Club*, 569 N.Y.S.2d 965, 966-67 (N.Y. App. Div. 1st Dep't 1991) (noting that, even while awarding damages to an injured plaintiff for pain and suffering, a factfinder remains "free to conclude that [a spouse] failed to prove any economically measurable loss of services"); *Christman*, 327 N.Y.S.2d at 967; *see also Miller v. Brownell Steel Corp.*, 1993 WL 241339, at *2 (N.D.N.Y. June 28, 1993) (finding that the evidence presented supported the jury's decision not to award damages to spouse of injured plaintiff for loss of consortium).

Nonetheless, plaintiffs contend that "all four Departments of the . . . Appellate Division . . . [hold that] an award for pain and suffering to an injured spouse and <u>no award</u> for loss of services and consortium to the other spouse amounts to an 'inconsistent verdict.'" Appellant. Br. 51.³ The cases plaintiffs cite, however, do not support the proposition that it is inherently inconsistent as a matter of law to award pain and suffering damages but deny damages for loss of services; rather, the cases suggest only that it may be inconsistent to do so in light of the evidence presented in a particular case. *Safchik v. Bd. of Educ.*, 550 N.Y.S.2d 679, 680-81 (N.Y. App. Div. 1st Dep't 1990) (citing *Hagler v. Consol. Edison Co.*, 472 N.Y.S.2d 340 (N.Y. App. Div. 1st Dep't 1984), for the proposition that the verdict was inconsistent where the trial record indicated that the injured spouse sustained back, leg, and ankle injuries that left her unable to work as a school teacher for two years); *Bonnot v. Fishman*, 450 N.Y.S.2d 539, 541 (N.Y. App. Div. 2d

---

³ "Appellant Br." refers to plaintiffs' Second Circuit Brief for the Appellants, relevant excerpts of which were submitted with Docket Entry 126.

Dep't 1982) (holding that "*under these circumstances*" – "uncontroverted evidence" at trial that the injured spouse was "unable to perform many of her household chores," causing her spouse to spend money for household help – a verdict awarding no loss of services damages was against the weight of the evidence) (emphasis added); *Gallo v. Cook*, 510 N.Y.S.2d 374, 375 (N.Y. App. Div. 4th Dep't 1986) (finding, in a case where the injured spouse suffered a severe hip fracture, required surgery, and was unable to walk without assistance for almost one year, that "[t]here can be no doubt *on this record* that plaintiff husband suffered some loss, and the absence of an award of damages . . . is contrary to . . . and inconsistent with the award of money damages on his wife's personal injury claim") (emphasis added); *but see De Ordio v. Teresi*, 410 N.Y.S.2d 418, 419 (N.Y. App. Div. 3d Dep't 1978) (finding, in a case where the injured spouse required back surgery and was determined to have a permanent partial disability due to back and leg injuries, that a "trial court could properly instruct that a verdict in favor of [an injured plaintiff] must be accompanied by a similar result in favor of [the spouse]"). Indeed, more recently, the Fourth Department explicitly rejected the notion that it is inconsistent to render a verdict awarding some damages to an injured plaintiff but none for loss of services to a plaintiff's spouse. In *Harris v. Moyer*, 680 N.Y.S.2d 351 (N.Y. App. Div. 4th Dep't 1998), the court stated that "[g]enerally, a verdict awarding damages to a plaintiff for his or her injuries but denying any damages to the spouse for loss of consortium is *not inconsistent as a matter of law*." *Harris v. Moyer*, 680 N.Y.S.2d at 352 (emphasis added). *See also Silverstein*, 569 N.Y.S.2d at 966-67 (affirming jury's verdict which denied spouse an award for loss of services, while upholding verdict awarding wife damages for her personal injury). Thus, a verdict awarding pain and suffering damages but denying damages for loss of services is inconsistent only where the evidence

5

presented, or the reasonable inferences that can be drawn from the evidence, clearly substantiates an award for loss of services. *See Harris*, 680 N.Y.S.2d at 352 (finding that "[t]he uncontradicted evidence establishes that, after the accident, [the husband] assumed all of the duties of running the household, duties not undertaken by him before the accident, and [he] is entitled to damages for . . . loss of consortium").

Plaintiffs argue that loss of services may be inferred even where no direct evidence is presented on the issue. True, loss of services may be reasonably inferred from the nature of the injuries in certain cases. *See Murphy v. Durmiaki*, 317 N.Y.S.2d 584, 586 (N.Y. App. Div. 1st Dep't 1971) (finding that a "deprivation of some marital association by the husband can be inferred reasonably from the wife's infirmities" where wife testified that the couple hired someone to clean around the house for some time after her accident). The evidence in this case, however, does not support such an inference.

Plaintiffs' injuries here – soft tissue back injuries – do not support an inference of loss of services, and indeed, such an inference would directly controvert the Schipanis' deposition testimony. As noted above, Frank testified that his only limitations as a result of the accident involved running, walking and throwing a football with his son. Although he also testified that he rarely left the house for two months following the accident, he did not testify that his injuries limited his ability to support his spouse or participate in household activities. Frank Schipani Dep. Tr. 66-67. As such, it is a reasonable inference that Olga suffered no loss of Frank's services or society. As for Frank's claim of loss of services, Olga testified that she no longer runs or does aerobics or lifts groceries. Olga Schipani Dep. Tr. 50-53. Olga further testified, however, that her son assists her with the groceries, not Frank. *Id.* Although Olga also testified

6

that she did not do housework other than cooking for three to four weeks following the accident, Olga Schipani Dep. Tr. 34, 35, 49, it is clear from Frank's testimony that he did not have to undertake any of her household responsibilities, and there is no evidence that he hired someone to do it. As such, it is reasonable to infer that Frank suffered no loss – or at the very most, a *de minimis* loss – of Olga's services.

The facts of this case are, therefore, distinguishable from those where verdicts that failed to award damages for loss of services were set aside. *See Langhorne v. County of Nassau*, 839 N.Y.S.2d 94, 96 (N.Y. App. Div. 2d Dep't 2007) ("Under the circumstances of this case, where the injured plaintiff's wife provided unrefuted evidence regarding the toll that her husband's injury had taken on her, including evidence of her activities in attending to him and taking care of his basic daily needs, at the expense of her social life and sexual relationship with him, and the likelihood that these circumstances would continue into the future, the jury's determination that she was entitled to no damages on her derivative cause of action for loss of past and future services could not have been reached on 'any fair interpretation of the evidence,' and thus, is against the weight of the evidence."); *Grant v. City of New York*, 772 N.Y.S.2d 39 (N.Y. App. Div. 1st Dep't 2004) (finding jury's award of no damages on husband's claim for loss of services unreasonable where testimony demonstrated that husband took over all household responsibilities, including care of five children, for a year after wife's accident); *O'Rourk v. Berner*, 672 N.Y.S.2d 216, 217 (N.Y. App. Div. 4th Dep't 1998) (finding jury's failure to award any loss of services damages against the weight of the evidence where husband cared for wife during an "extended" recuperation, wife slept in hospital bed apart from husband, and husband was responsible for all household chores); *see also Silivanch v. Celebrity Cruises, Inc.*, 171 F.

7

Supp. 2d 241, 263 (S.D.N.Y. 2001) (finding "ample evidence" of spouse's loss of services to justify award). In short, the record presented in this case in no way suggests that the Schipanis' marital life suffered in any way due to the injuries they sustained in the car accident. Accordingly, my damages award does not include any compensation for loss of services. The Clerk of the Court is directed to enter judgment consistent with this Order.

**SO ORDERED.**

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Dated:   Brooklyn, New York
         November 19, 2008